UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAUL WILLIS, JR.,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS; REGIONAL TRANSPORATION COMMISSION; STATE OF NEVADA; NORTH CORRIDOR CONSTRUCTIONS; LAS VEGAS PAVING CORP.; and PBS&J,<br><br>            Defendants. | Case No. 2:12-cv-01214-APG-CWH<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>(Dkt. Nos. 9, 11, 12, 19, 25, 29) |

I. **BACKGROUND**

In July 2012, plaintiff Saul Willis, Jr. filed a motion to for leave to proceed *in forma pauperis* with an attached complaint. (Dkt. No. 1.) In November 2012, he filed an addendum to the Complaint. (Dkt. No. 2.) In December 2012, the Court denied Willis's motion for leave to proceed *in forma pauperis*. (Dkt. No. 3.) In January 2013, Willis paid the filing fee. On February 6, 2013, the Court ordered that the Complaint be filed, which occurred the same day. (Dkt. Nos. 7, 8.) The Court considers the addendum filed in November 2012 as part of the Complaint.

The defendants are (1) the City of Las Vegas; (2) the Regional Transportation Commission ("RTC"); (2) the State of Nevada; (3) North Corridor Constructions ("NCC"); (4) Las Vegas Paving Corp. ("LVPC"); and (5) PBS&J (collectively, "Defendants").

The Complaint contains scant allegations and unclear legal claims, but seems to plead that the defendants violated Willis's and his neighbors' Fourteenth Amendment procedural due process rights, which he seeks to remedy under 42 U.S.C. § 1983. Willis does not explain how or whether he brings this claim on his own behalf or on behalf of a larger group of people; thus, the

Court treats the Complaint as if Willis is the only plaintiff.[1] His essential contention appears to be that the Interstate 15 Expansion Project in the Westside neighborhood[2] of Las Vegas (the "I-15 Expansion") and concurrent closure of F Street in 2008, which previously provided direct access from the Westside into downtown Las Vegas, was performed in a manner that did not give him sufficient notice or an opportunity to be heard.

Willis first alleges broadly that Defendants are "discriminating against us." (Dkt. No. 8 at 2.) He alleges that "[t]he F Street neighborhood has been historically segregated from the rest of the Las Vegas community." He also alleges that he was not given sufficient opportunity to speak out at community meetings concerning the I-15 Expansion because of time constraints. (*Id.* at 3.) He next alleges he "was always told that [his] story was being told in the wrong place." (*Id.*) He finally alleges that he was never notified that F Street would be closed.

The Complaint includes a timeline of the Westside neighborhood from 1943–2009 highlighting racial segregation, the neighborhood residents' difficulty in obtaining business licenses and municipal services, the negative effects of various urban renewal projects, civil rights protests, and the I-15 Expansion. The Complaint also includes various administrative documents:

(1) The results of the investigation by the Federal Highway Administration ("FHA") into Willis's claim that the I-15 Expansion violated Title VI of the Civil Rights Act of 1964, concluding that no violation occurred, dated August 30, 2011 (Dkt. No. 8 at 7–11);

(2) A letter from the Federal Coordination and Compliance Section of the Civil Rights Division of the U.S. Department of Justice ("DOJ") informing Willis that the I-15 Expansion matter is not within that division's jurisdiction, dated January 13, 2012 (*Id.* at 11);

(3) A letter from DOJ to the Office of Civil Rights of the U.S. Environmental Protection Agency ("EPA") stating that the I-15 Expansion matter may be within that office's jurisdiction, dated January 13, 2012 (*Id.* at 12);

(4) A nearly identical letter from DOJ to the Departmental Office of Civil Rights of the U.S. Department of Transportation ("DOT"), dated January 13, 2012 (*Id.* at 13);

---

[1] Willis alleges that the Complaint "involves" various other residents of the Westside, but it is unclear whether they are intended as plaintiffs. (Dkt. No. 8 at 2.)

[2] This neighborhood is alternatively referred to as the "F Street neighborhood."

(5) A letter from FHA to Willis explaining that his renewed complaint about the I-15 Expansion could not be accepted for investigation because the claims were already found to be without merit, dated May 22, 2012 (*Id.* at 14–15);

(6) A letter from EPA to Willis rejecting his administrative complaint for lack of EPA jurisdiction, dated September 26, 2012 (Dkt. No. 2 at 2–3); and

(7) A letter from EPA to DOT referring Willis's administrative complaint to DOT, dated September 26, 2012 (*Id.* at 5–7).

This Order resolves the motions to dismiss filed by the RTC, NCC, the State, and LVPC. (Dkt. Nos. 9, 12, 19, 29.) This Order also resolves the City's motion for a more definite statement and Willis's motion for leave to amend the Complaint. (Dkt. Nos. 11, 25.)

## II. ANALYSIS

### A. Legal Standard — 42 U.S.C. § 1983

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. …

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the U.S. Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To state a claim under § 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and must [2] show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Standard — Rules 8 and 12(b)(6), (e)

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Federal Rule of Civil Procedure 8 does not require detailed

factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*,

839 F.2d 621, 623 (9th Cir. 1988). Nonetheless, "pro se litigants are bound by the rules of [civil] procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

In pertinent part, Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (internal quotation marks and citation omitted).

"A motion for a more definite statement is generally left to the district court's discretion." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002). "Rule 12(e) motions are not favored by the courts since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *Castillo*, 219 F.R.D. at 163 (internal quotation marks and citation omitted). District courts can treat a motion brought under Rule 12(b)(6) as one under Rule 12(e), *Forti v. Suarez-Mason*, 672 F. Supp. 1531, 1541 (N.D. Cal. 1987), and vice-versa, *Kennedy v. Full Tilt Poker*, No. 09-cv-07964, 2010 WL 1710006 at *10 (C.D. Cal. 2010).

C. **The City's Motion for More Definite Statement (Dkt. No. 11)**

The City correctly argues in its Rule 12(e) motion that the Complaint does not provide sufficient information to enable the City to reasonably respond. There are no facts linking the City to the alleged constitutional violations. Because the Complaint's problem is a lack of factual detail rather than intelligibility, however, it is proper to treat the City's motion as one brought under Rule 12(b)(6) for failure to state a claim. *Castillo*, 219 F.R.D. at 163; *Kennedy*, 2010 WL 1710006 at *10. The Court grants the motion as there are no facts alleged in the Complaint upon which the Court could reasonably conclude that the City violated Willis's constitutional rights. *See Iqbal*, 556 U.S. at 663.

D. **The RTC's Motion to Dismiss (Dkt. No. 9)**

Similarly, the RTC contends there are no factual allegations linking it to the alleged violations of Willis's constitutional rights. Based on the Complaint, it is entirely unclear how or

to what extent RTC was involved in the I-15 Expansion. Willis filed two documents which together comprise his response to this motion. (Dkt. Nos. 17, 23.) Although a party may file only one response brief, the RTC has not objected to Willis's multiple filings and the Court thus considers them both.

Willis's first response (Dkt. No. 17) makes generalized allegations of wrongdoing by RTC and the other defendants, which are insufficient to cure the Complaint's lack of particularized allegations. He also appears to claim that Defendants violated Title VI of the Civil Rights Act of 1964, the Fifth Amendment's Takings Clause, and "Presidential Order 12898." The Court cannot consider claims raised for the first time in a brief responding to a motion to dismiss. *Provencio v. Vazquez*, 258 F.R.D. 626, 638 (E.D. Cal. 2009). Although Willis raised the Title VI claim in his administrative complaint to the FHA, he did not plead a Title VI claim in the Complaint. Therefore, the Title VI claim is new for purposes of litigation in this Court. Willis is free to raise these new claims in an amended complaint, however.[3]

Willis's second response (Dkt. No. 23) purports to explain the RTC's role in the I-15 Expansion. The Court is required to deem as true all well-pleaded factual allegations in the Complaint, *Iqbal*, 556 U.S. at 679, but not facts stated in a party's moving papers. These alleged facts are mere argument and cannot serve to shore up the Complaint's factual deficiencies. Even if the Court considered the purported facts in the second response as true, however, they would not provide sufficient detail about the RTC's behavior such that it would be plausible that the RTC violated Willis's constitutional rights. *Id.* Thus, the Court grants the RTC's motion.

### E.  NCC's Motion to Dismiss (Dkt. No. 12)

The Complaint fails to plead any facts linking NCC to the I-15 Expansion or Willis's claimed constitutional violations. It seems hardly possible, let alone plausible, based on the information in the Complaint, that NCC is liable to Willis. *See id.* Willis's response brief makes

---

[3] Willis attached various documents to the first response, which the Court will not consider so as to avoid converting RTC's motion to dismiss into one for summary judgment under Rule 56. FED. R. CIV. P. 12(d).

1  only generalized allegations unrelated to his legal claims. (*See* Dkt. No. 24.) The Court therefore
2  grants this motion.
3        NCC argues that amending the Complaint would be futile because the statute of
4  limitations has expired on Morris's claims. This appears to be true, inasmuch as the allegedly
5  wrongful actions occurred more than five years before Morris filed the Complaint. *See Chachas*
6  *v. City of Elko*, 615 F. Supp. 2d 1193, 1202 (D. Nev. 2009) (statute of limitations period for
7  § 1983 actions is two years). But Morris could amend the Complaint to allege injuries within the
8  limitations period. In addition, the closure of F Street and the alleged physical damage to
9  Morris's home appear to be ongoing injuries. Amendment would not necessarily be futile. If
10 necessary, the Court can analyze the timing of the alleged injuries should Willis file an amended
11 complaint.

12       **F.   The State's Motion to Dismiss (Dkt. No. 19)**

13       The State is correct that it enjoys Eleventh Amendment immunity for § 1983 claims.
14 "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does
15 not provide a federal forum for litigants who seek a remedy against a State for alleged
16 deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The
17 Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless
18 Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override
19 that immunity." *Id.* Nevada has not waived its immunity for § 1983 suits. *Krainski v. Nev. ex rel.*
20 *Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967–68 (9th Cir. 2010). Nor has
21 Congress overridden the states' immunity for § 1983 lawsuits. *Will*, 491 U.S. at 66. Thus, the
22 State of Nevada is not a suable entity for purposes of § 1983. The Court grants this motion.
23       The Court notes, however, that Congress has abrogated the states' Eleventh Amendment
24 immunity for Title VI lawsuits. 42 U.S.C. § 2000d-7(a)(1); *Alexander v. Sandoval*, 532 U.S. 275,
25 279–80 (2001). Willis could therefore amend his Complaint to include a Title VI claim against
26 the State of Nevada if sufficient facts exist to give rise to such a claim.
27
28

### G. LVPC's Motion to Dismiss (Dkt. No. 29)

LVPC contends that Willis's service of process failed to comply with Rule 4, and therefore the Court does not have personal jurisdiction over LVPC and must dismiss the claim against it under Rule 12(b)(2).

LVPC first argues, incorrectly, that service was improper because Willis failed to include a waiver form with the copies of the summons and the complaint which he mailed to LVPC. In order to "avoid unnecessary expenses of serving the summons[,] [t]he plaintiff *may* notify" a corporate entity defendant that "an action has been commenced and request that the defendant waive service of a summons." FED. R. CIV. P. 4(d)(1) (emphasis supplied). The plaintiff is not obligated to include a waiver form; failure to include a waiver form is therefore not fatal to a plaintiff's efforts to serve process.

LVPC next argues, correctly, that Willis failed to serve process in accord with the mandatory requirements of Rule 4(h). In relevant part, that rule provides:

> "[A] domestic . . . corporation . . . must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]

FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) provides that service of process that conforms with state law is proper in federal court. The relevant Nevada rule provides that service upon Nevada corporations is proper only if the summons and complaint are delivered to the registered agent of the corporation or any officer of the corporation.[4] NEV. R. CIV. P. 4(d)(1). Here, Willis mailed the summons and complaint to LVPC's general mailing address. There is no indication that he delivered the documents to LVPC's registered

---

[4] For purposes of this Order, the Court assumes that LVPC qualifies as a Nevada corporation for purposes of Nev. R. Civ. P. 4, as LVPC has not indicated otherwise.

agent or to any of its officers. Under Nevada law, and therefore under Federal Rule 4(h)(1)(A), service of process was improper.

For the same reasons, service of process was improper under Federal Rule 4(h)(1)(B). There is no indication that Willis delivered the documents to any officer or agent of LVPC. Mailing the documents to LVPC's general mailing address was insufficient. "Care must be taken . . . to address the request to an individual officer or authorized agent of the corporation. It is not effective use of the Notice and Request procedure if the mail is sent undirected to the mail room of the organization." *See* FED. R. CIV. P. 4(h) advisory committee note (1993). "When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." *Belle v. Chase Home Fin.*, No. 06-CV-2454, 2007 WL 1518341 at *3 (S.D. Cal. 2007) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)).

Service was improper under Rule 4(h). Thus, the Court does not presently have personal jurisdiction over LVPC. This is not fatal to Willis's claims against LVPC. Willis may file an amended complaint including claims against LVPC. If he does, he must serve the summons and amended complaint on LVPC in compliance with Rule 4(h) in order to establish the Court's personal jurisdiction over LVPC.

LVPC next argues that Rule 4(m) mandates that the Court dismiss Willis's claims against LVPC. This is an overly strict reading of Rule 4(m), which states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have passed since the Complaint was filed, but the Court is not required to dismiss the case. The Court need not inquire into whether Willis has shown good faith for his failure to effectuate service within 120 days, because the Court retains the option to order that he effectuate service. The Court's order herein that Willis has 30 days to file an amended complaint and that the summons and the amended complaint must be served on LVPC in accord with Rule

4(h) within 30 days of the amended complaint's filing amounts to an "order that service be made within a specified time." FED. R. CIV. P. 4(m).

### H. PBS&J

PBS&J has not filed a responsive pleading. Nonetheless, the Court notifies Willis that his claims against PBS&J will be dismissed under Rule 12(b)(6) if he does not amend the Complaint to state a plausible claim against PBS&J. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . . , but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion[.]" (internal quotation marks and citations omitted)). The Complaint contains no factual allegations linking PBS&J to the alleged constitutional violations.

### I. Willis's Motion for Leave to Amend (Dkt. No. 25)

Willis seeks leave to amend to add the Nevada Department of Transportation ("Nevada DOT") as a defendant. The State opposes on the grounds that the amendment would be futile because Nevada DOT enjoys Eleventh Amendment immunity from § 1983 claims. The State is correct, as state agencies are equally immune from suit as states. *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012). Thus, the Court denies this motion without prejudice.

However, as noted above, states and state agencies are not immune from Title VI claims. The Nevada DOT is a suable entity for purposes of Title VI claims. Willis will be given 30 days to file an amended complaint that complies with the foregoing analysis, if sufficient facts exist to support such claims.

### III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. The City of Las Vegas's motion (Dkt No. 11) is GRANTED as a motion under Rule 12(b)(6).

2. The Regional Transportation Commission's motion (Dkt. No. 9) is GRANTED.

3. The State of Nevada's motion (Dkt. No. 19) is GRANTED. All claims under 42 U.S.C. § 1983 against the State of Nevada are DISMISSED WITH PREJUDICE.

4. North Corridor Constructions' motion (Dkt. No. 12) is GRANTED.

5. Las Vegas Paving Corp.'s motion (Dkt. No. 29) is GRANTED.

6. Willis's motion for leave to amend (Dkt. No. 25) is DENIED WITHOUT PREJUDICE.

7. The Court grants Willis 30 days from the date of this Order to file an amended complaint. In order to proceed against Las Vegas Paving Corp., Willis must serve a copy of the summons and a copy of the amended complaint on Las Vegas Paving Corp. in compliance with Rule 4(h) within 30 days of filing the amended complaint. If Willis does not file an amended complaint within 30 days from the date of this Order, the Court will dismiss this case.

DATED: March 31, 2014

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE